UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILDA LOPEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 2:18-cv-00020-GZS |
| | ) |
| DAL RILEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 22). For reasons explained herein, the Court GRANTS the Motion.

**I.  LEGAL STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In

determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.  See Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  Triangle Trading Co., Inc. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (quotation marks and internal ellipsis omitted); see also Fed. R. Civ. P. 56(e).  "Mere allegations, or conjecture unsupported in the record, are insufficient."  Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations, improbable inferences, periphrastic circumlocutions, or rank speculation.").  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment for the moving party."  In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993).  "However, summary judgment is improper when the record is sufficiently open-ended to permit a rational factfinder to resolve a material factual dispute in favor of either side."  Morales-Melecio v. United States (Dep't of Health and Human Servs.), 890 F.3d 361, 368 (1st Cir. 2018) (quotation marks omitted).

## II. FACTUAL BACKGROUND

Defendant Dal Riley holds a propane and natural gas technician's license in Maine, and previously held a propane and natural gas technician's license in New Hampshire. He has also previously worked as a gas technician in New Hampshire. Between approximately 2014 and 2017, Riley owned a three-unit residential property located at 16 Sunk Haze Road, Union, Maine (hereinafter, the "Riley Property"). In the winter of 2016, Riley, along with one of his tenants, Robert Boynton, were renovating the Riley Property. As part of those renovations, they operated a temporary propane heater that Boynton had acquired from another individual.

Although Riley had been staying in a camper parked at the Riley Property while working on the renovations, on the evening of January 13, 2016, Riley departed for his camp in New Hampshire. He left the temporary propane heater, which that had been installed by Amerigas earlier that week, in operation at the Riley Property, which was unoccupied.[1] On January 14, 2016, an explosion and fire occurred at the Riley property. At the time, Plaintiffs Wilda Lopez, Darrell Moody, and Joel Wentworth owned adjacent properties that were damaged following the explosion.

The fire was investigated by the State Fire Marshals' office. Investigator Mary-Ann MacMaster conducted interviews and investigated the site following the explosion on behalf of the Fire Marshals' office. Ultimately, she was not able to determine with the requisite level of certainty the cause, origin, or location of the apparent propane leak, nor was she able to determine the sequence of events that led to any propane leak at the Riley Property.

---

[1] Defendant's hearsay objection to the State Fire Marshal's Interview of the Amerigas technician is SUSTAINED. See Pls. SMF (ECF No. 23-1), PageID # 85 & Def. Reply SMF (ECF No. 25), PageID # 204. Likewise, Defendant's relevance objection to "NFPA Code Sections" (ECF No. 23-4) is SUSTAINED. See Pls. SMF, PageID# 85 & Def. Reply SMF, PageID # 205.

3

Lopez, Moody, and Wentworth have little or no direct personal knowledge of the sequence of events leading to the explosion that occurred at the Riley Property on January 14, 2016. Nonetheless, on January 12, 2018, Lopez, Moody, and Wentworth filed the pending Complaint (ECF No. 1) claiming that Riley was liable for their damages under both theories of negligence and strict liability.

During the course of discovery, Plaintiffs designated Kurt Ruchala, P.E., as their liability expert on the 2016 explosion at the Riley Property. Ruchala concluded that the sequence of events that led to any propane leak at the Riley Property on or about January 13-14, 2016 cannot be determined. Likewise, he has concluded that the cause, source, and location of any propane leak at the Riley Property on or about January 13-14, 2016 cannot be determined.

## III. DISCUSSION

Defendant points to a lack of trialworthy evidence on proximate cause as grounds for summary judgment on both of Plaintiffs' claims. "An essential element of a claim for negligence is that the defendant's negligence was the proximate cause of the plaintiff's harm." Darney v. Dragon Prod. Co., LLC, 771 F. Supp. 2d 91, 117 (D. Me. 2011). Here, the Court agrees that Plaintiffs have failed to put forward any evidence from which a reasonable factfinder could conclude that their damages were proximately caused by Riley breaching his duty of care. Most notably, both designated experts have testified that the cause, origin, and location of any propane leak cannot be determined.[2] Thus, even viewing the record in the light most favorable to Plaintiffs. Defendants are entitled to summary judgment on Plaintiffs' negligence claim. See Estate of Smith

---

[2] While the Court recognizes that Maine law does not necessarily require expert testimony to establish proximate causation in similar types of tort claims, the record here is also devoid of other admissible testimony or circumstantial evidence that would allow a reasonable factfinder to conclude Riley's acts or omissions were the proximate cause pf Plaintiffs' damages. See, e.g., Darney, 771 F. Supp. 2d at 111.

4

v. Salvesen, 143 A.3d 780, 786 (Me. 2016) ("If, however, there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff, then the defendant is entitled to summary judgment."); Durham v. HTH Corp., 870 A.2d 577, 579 n.2 (Me. 2005) (affirming a grant of summary judgment & noting a "lack of evidence with regard to causation" where the plaintiff did not know what caused her fall and there was "no other evidence" establishing causation); Houde v. Millett, 787 A.2d 757, 759 (Me. 2001) ("A defendant is entitled to a summary judgment if there is so little evidence tending to show that the defendant's acts or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff.").

To the extent Plaintiff invokes res ipsa loquitur as a means of avoiding summary judgment on the asserted negligence claims, the Court concludes the doctrine is not applicable on the record presented. "Res ipsa applies where the damage is such that it would not ordinarily have occurred if the user of the dangerous instrumentality had the required knowledge, and proper care had been exercised in its use." Dyer v. Maine Drilling & Blasting, Inc., 984 A.2d 210, 220 (Me. 2009) (internal citations and quotations omitted). More specifically,

> Res ipsa loquitur may apply only when a plaintiff proves by a preponderance of the evidence that: (1) an injury or damage to the plaintiff was caused by an unexplained event; (2) at the time of the damage, the instrument causing the damage was under the defendant's control or management; (3) in the ordinary course of events, the damage would not have occurred in the absence of negligence; and (4) other potential causes of the damage, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.

Id. at 223 n. 10. As further explained in Defendant's Reply, even when viewed in the light most favorable to Plaintiffs, the record does not establish a trialworthy case as to each of these four factors. (See Defs. Reply (ECF No. 24), PageID # 198-201.)

Turning to Plaintiffs' claim for strict liability, to have a trialworthy claim of strict liability, Plaintiffs would need evidence that the propane heater operation was "an abnormally dangerous activity" under the six-factor test of the Restatement. See Dyer, 984 A.2d at 215 (adopting Restatement (Second) of Torts §§ 519–520 as the test for strict liability in Maine). Additionally, "proof of a causal relationship between the [abnormally dangerous activity] and the property damage is required." Id. at 219. The Court's analysis of causation in connection with the negligence claim applies with equal force to Plaintiffs' strict liability claim. Simply put, Plaintiffs have failed to put forward trialworthy evidence of the requisite causal connection.[3] Therefore, the Court concludes that Defendant is entitled to summary judgment in his favor on Plaintiffs' strict liability claim.

## IV. CONCLUSION

For the reasons just given, Defendant's Motion for Summary Judgment (ECF No. 22) is hereby GRANTED.

SO ORDERED.

                                                      /s/ George Z. Singal  
                                                      United States District Judge

Dated this 3rd day of June, 2019.

---

[3] Given this conclusion, the Court need not resolve Defendant's additional argument for dismissal of Plaintiffs' strict liability claim; namely, that operation of a propane heater does not qualify as an "abnormally dangerous activity" as a matter of law. But as even Plaintiff acknowledges, the question of whether the operation of a temporary propane heater qualifies as an "abnormally dangerous activity" is an open one under Maine law. See Pls. Response (ECF No. 23), PageID # 80.